IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GLOBAL POWER SOLUTIONS, INC.    :           CIVIL ACTION
                                :
            v.                  :
                                :
MERCURY MANAGEMENT, INC.,       :
et al.                          :           NO. 10-1856

ORDER

AND NOW, this 24th day of September, 2010, upon consideration of defendants' notice of removal (docket entry # 1), plaintiff's motion to remand to remand to state court and for the imposition of costs, expenses, and sanctions (docket entry # 3), defendants' response in opposition to plaintiff's motion to remand (docket entry # 6), plaintiff's amended motion to strike defendant's response to the motion to remand (docket entry # 10), defendants' response to the amended motion to strike the response to the motion to remand (docket entry # 11), the plaintiff's statement of fees (docket entry # 14), defendants' objections to plaintiff's statement of fees (docket entry # 16), and plaintiff's response to defendants' objections to plaintiff's statement of fees (docket entry # 17), and the Court finding that:

        (a)  According to the complaint, which was originally filed in the Court of Common Pleas of Philadelphia, defendant Mercury Management, Inc., a minority holder in Global Power

Solutions, LLC ("GPS"), and defendant Joseph Szlavik, president

of GPS, spent GPS funds without authorization;

  (b) Plaintiff contends in its motion to remand (docket

entry # 3) that the defendants have attempted to manufacture

jurisdiction by falsely claiming that plaintiff is a Delaware

corporation instead of a limited liability company;

  (c) In their notice of removal, defendants claim that

we have original jurisdiction based on diversity of citizenship

under 28 U.S.C. § 1332; defendants claim that Mercury Management,

Inc., was incorporated under the laws of the Commonwealth of

Pennsylvania, that Joseph Szlavik is a citizen of Pennsylvania,

and that plaintiff was incorporated under the laws of the State

of Delaware;[1]

  (d) Plaintiff disputes this characterization of its

citizenship -- GPS claims that it is a limited liability company

and submits proof that on March 27, 2009, Global Power Solutions,

Inc., was converted into a limited liability company, changing

its name to Global Power Solutions, LLC, Mot. to Remand, Ex. 8;

GPS also submits its certificate of formation, Mot. to Remand,

Ex. 9; and the agreement of all the members to covert the

---

[1]The parties do not dispute that the amount in controversy
exceeds $75,000.

2

corporation into a limited liability company, Mot. to Remand, Ex.

10; defendants do not submit any evidence to dispute this;

(e)   GPS also submits proof that Mercury Management,

Inc., is one of the members of GPS, Mot. to Remand, Ex. 1, Part

B;

(f)   Mercury Management, Inc., which is also one of the

defendants in this action, has already averred that it is a

citizen of the Commonwealth;[2]

(g)   For the purposes of diversity, an LLC's

citizenship exists in each state of which its members are

citizens, Kimberly-Clark Pennsylvania, LLC v. Delaware County

Regional Water Quality Control Auth., 527 F.Supp.2d 430, 432-33

(E.D. Pa. 2007)(basing its reasoning on Carden v. Arkoma Assoc.,

494 U.S. 185, 195-96 (1990));

(h)   Removal of cases from state to federal courts is

governed by 28 U.S.C. § 1441, which must "be strictly construed

against removal," Samuel-Basset v. KIA Motors America, Inc., 357

F.3d 392, 396 (3d Cir. 2004);

(i)   In addition, the party asserting federal

jurisdiction bears the burden of showing that the case is

---

[2]Plaintiff also notes that, in a related action, defendants
acknowledge that GPS is an LLC.  Mot. to Remand, Ex. 2, ¶ 3.

properly before the federal court, Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007);

(j) The burden of showing that the case is properly before the federal court remains with the party asserting jurisdiction at all stages of the litigation, Samuel-Basset, 357 F.3d at 396;

(k) A defendant that faces a challenge to its removal of the case to federal court must allege facts that support its claim to jurisdiction, and "must support them by competent proof," McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936), see also Frederico, 507 F.3d at 194;

(l) Defendants have responded to the motion to remand with no legal briefing whatsoever (in contravention of Local R. Civ. P. 7.1(c)), nor do they provide any competent proof supporting our jurisdiction over the subject matter;

(m) Plaintiff moves to strike defendants's response to the motion to remand for failure to comply with Local R. Civ. P. 7.1(c), but because we will grant the motion to remand, we need not address this motion and so will deny it as moot;

(n) Defendants have failed to meet their burden in responding to a challenge to their removal of the case to federal court, and thus the case will be remanded to the Court of Common

Pleas of Philadelphia County;

(o)   And even if the parties could be deemed diverse, removal would still not be appropriate because the defendants seeking removal are citizens of Pennsylvania, and pursuant to 28 U.S.C. 1441(b), diversity actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought";

(p)   Plaintiff seeks an imposition of costs and expenses on the defendants under 28 U.S.C. § 1447(c);

(q)   Our Court of Appeals has held that costs and expenses are appropriately awarded where the "removing party lacked an objectively reasonable basis for seeking removal," Saterstad v. Wstover, 249 F. App'x 955, 956 (3d Cir. 2007)(quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005));

(r)   Plaintiff has submitted a statement of legal fees that states that attorneys Neil E. Jokelson and Derek E. Jokelson of the firm of Neil E. Jokelson & Associates P.C. expended 12.5 hours between them researching and drafting plaintiff's motion to remand and for sanctions and conferring with the client, Statement of Fees at 1; according to the statement of fees, the

billable hourly rate for the Jokelsons is $400; thus, they claim

that for 12.5 hours at $400 per hour, their fees equal $5,000;

       (s)   We find that although defendants lacked an

objectively reasonable basis for seeking removal, fees and

expenses of $5,000 would be unreasonable because, with the square

holding of <u>Carden</u>, the remand issue was simplicity itself; we

will instead impose costs and expenses of $2,500 on the

defendants pursuant to 28 U.S.C. § 1447(c);

       (t)   Plaintiff also seeks sanctions against defense

counsel, Adam Sager, Esq., in the amount of $50,000 under 28

U.S.C. § 1927;

       (u)   Section 1927 provides that: "Any attorney or other

person admitted to conduct cases in any court of the United

States ... who so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the court to

satisfy personally the excess costs, expenses and attorney's fees

reasonably incurred because of such conduct";

       (v)   But "[t]he language of § 1927 limits the court's

sanctions power to attorney's actions which multiply the

proceedings in the case before the court. Section 1927 does not

reach conduct that cannot be construed as part of the proceedings

before the court issuing the § 1927 sanctions," <u>Matter of Case</u>,

937 F.2d 1014, 1023 (5th Cir. 1991); see also GRiD Systems Corp. v. John Fluke Mfg. Co., Inc., 41 F.3d 1318, 1319 (9th Cir. 1994) ("Section § 1927 cannot reach conduct of a party who is not involved in an action before the sanctioning court at the time of the conduct.");

        (w)  If Mr. Sager is vexatiously multiplying the proceedings, it is not the proceedings in this court, but rather the proceedings in the Court of Common Pleas of Philadelphia County;

        (x)  Thus, § 1927 does not support sanctions upon Mr. Sager in this "court of the United States";

        It is hereby ORDERED that:

        1.  Plaintiff's motion to remand to state court and for the imposition of costs, expenses and sanctions (docket entry # 3) is GRANTED IN PART and DENIED IN PART as explained above;

        2.  This action is REMANDED to the Court of Common Pleas of Philadelphia County;

        3.  Defendants shall forthwith PAY plaintiff's costs and attorneys fees in the amount of $2,500;

        4.  Plaintiff's amended motion to strike defendants' response (docket entry # 10) is DENIED AS MOOT; and

5.     The Clerk of Court shall statistically CLOSE this

case.

BY THE COURT:


/s/ Stewart Dalzell, J.


8